IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NATHANIEL EDWARDS,
    Plaintiff,

vs.                                      Case No.:  5:15cv267/MMP/EMT

BUREAU OF PRISONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the federal Bureau of Prisons ("BOP") proceeding pro se and in forma pauperis, has filed a Second Amended Complaint, pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (ECF No. 12).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this case should be dismissed because Plaintiff has not stated, and cannot state, a plausible claim for relief against any Defendant.

I.     BACKGROUND

Plaintiff names three Defendants, Ms. Faucette, a unit manager at Marianna Federal Correctional Institution ("Marianna-FCI"); Mr. McKenzie, a case manager at Marianna-FCI; and the BOP (ECF No. 12 at 1–2). Plaintiff alleges that the "unit team" at Marianna-FCI denied his request to be placed in a Residential Reentry Center ("RRC") (*id.* at 5). Plaintiff alleges that as a result of the denial, he suffered from high blood pressure, emotional distress, and depression, and was terminated from his job assignment in the kitchen (*id.*).

Plaintiff included more specific factual allegations in his previous complaint (ECF No. 4). There, he alleged that on August 6, 2015, he wrote a letter to the Honorable Roger Vinson, the judge who imposed Plaintiff's federal sentence, requesting that Judge Vinson recommend to the BOP that Plaintiff be placed in a RRC prior to his projected release date (*id.* at 9). Plaintiff alleged Judge Vinson issued a letter to Defendant McKenzie, recommending Plaintiff for "12-months (or earliest possible)" RRC placement (*id.* at 5, 9, 10). Plaintiff alleged on September 15, 2015, he presented Judge Vinson's letter to his "unit team," but Defendant McKenzie responded, "It's not going to happen." (*id.* at 5, 9). Plaintiff alleged he also presented the letter to Defendant Faucette, but she responded that the BOP would not honor Judge Vinson's recommendation (*id.*).

Plaintiff claims that Defendants' denial of his request for RRC placement violates 18 U.S.C. § 3621(b)(4), and his due process rights (ECF No. 12 at 7). As relief, he seeks compensatory damages, in the amount of $200,000.00, for the deprivation of his constitutional rights and emotional distress and depression (*id.*).

II.  DISCUSSION

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also* Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

> should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

Initially, official capacity claims for monetary damages based upon allegations of constitutional violations are barred because they are considered suits against the United States, which has not waived its sovereign immunity for such claims. *See* FDIC v. Meyer, 510 U.S. 471, 484–86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); Kentucky v. Graham, 473 U.S. 159, 165–67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Therefore, the doctrine of sovereign immunity precludes Plaintiff's claims for monetary damages against the BOP, as well as any individual BOP employee sued in his or her official capacity.

Additionally, Plaintiff's allegations fail to state a plausible due process violation or a violation of federal statutes. Federal prisoners do not possess a constitutional right to be placed, or not to be placed, in a particular prison facility with particular amenities. *See* McKune v. Lile, 536 U.S. 24, 39, 122 S. Ct. 2017, 153 L. Ed. 2d 47 (2002); Meachum v. Fano, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451

(1976). Therefore, Plaintiff's allegations that Defendants violated his due process rights by refusing to transfer him to a different detention facility fail to state a plausible claim for relief, because Plaintiff has no constitutionally recognized liberty interest in placement in a RRC. *See* McKune, 536 U.S. at 39; Meachum, 427 U.S. at 225.

Additionally, Plaintiff failed to show that Defendants violated 18 U.S.C. § 3621(b). That statute provides:

> **(b) Place of imprisonment.**—The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, . . . that the Bureau determines to be appropriate and suitable, considering—
>
> > **(1)** the resources of the facility contemplated;
> >
> > **(2)** the nature and circumstances of the offense;
> >
> > **(3)** the history and characteristics of the prisoner;
> >
> > **(4)** any statement by the court that imposed the sentence—
> >
> > > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > >
> > > **(B)** recommending a type of penal or correctional facility as appropriate; and
> >
> > **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

While federal sentencing judges are free to make <u>recommendations</u> as to a federal prisoner's place of imprisonment, it is the BOP, not the sentencing judge, who has the final say on these matters. *See* 18 U.S.C. § 3621(b). Indeed, the Supreme Court affirmed this principle in <u>Tapia v. United States</u>, 564 U.S. 391, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011):

> When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment," § 3621(b), .... A sentencing court can recommend that the BOP place an offender in a particular facility or program. *See* § 3582(a). But decisionmaking authority rests with the BOP.

131 S. Ct. at 2390–91.

Plaintiff cannot show that the BOP's refusal to place him in an RRC violated the Constitution or federal law. Therefore, his claims for monetary damages against Defendants Faucette and McKenzie in their individual capacities should be dismissed for failure to state a claim upon which relief can be granted.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against the Bureau of Prisons and any individual employee of the Bureau of Prisons sued in his or her official capacity be **DISMISSED** as barred by sovereign immunity, under 28 U.S.C. § 1915(e)(2)(B)(iii).

2.	That Plaintiff's remaining claims be **DISMISSED** for failure to state a claim upon which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.	That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 17th day of February 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**